IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ARI BAILEY, :
:
Petitioner : CIVIL NO. 3:CV-13-2818
:
v. :
: (Judge Conaboy)
DAVID EBBERT, :
:
Respondent :

FILED
SCRANTON

NOV 2 2 2013

PER ___CR___
DEPUTY CLERK

## MEMORANDUM
### Background

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Ari Bailey, an inmate presently confined at the United States Penitentiary, Florence, Colorado (USP-Florence). Petitioner has filed an in forma pauperis application. Bailey's request to proceed in forma pauperis will be granted for the sole purpose of the filing of this matter with this Court but his action will be transferred to the United States District Court for the District of Colorado.

Named as sole Respondent is Warden David Ebbert.[1] Bailey states that he is presently serving a criminal sentence which was imposed by the Superior Court for the District of Columbia.

---

[1] Ebbert is described as being the Warden at Petitioner's prior place of confinement.
However, the only properly named Respondent in a federal habeas corpus action is Petitioner's current custodial official, in this case the USP-Florence Warden. See 28 U.S.C. § 2242.

1

Bailey's pending action does not challenge the legality of his federal criminal conviction or resulting sentence. Rather, Petitioner seeks relief with respect to a June 11, 2013 disciplinary proceeding which took place while he was previously confined at the Canaan United States Penitentiary, Waymart, Pennsylvania (USP-Canaan).

As a result of that USP-Canaan disciplinary hearing, Bailey was sanctioned to a loss of statutory good conduct time. His pending action claims entitlement to federal habeas corpus relief on the grounds that the presiding Disciplinary Hearing Officer (DHO) was "a racist and a bigot." Doc. 1, ¶ 13. He adds that the DHO subjected him to retaliation and violated his due process and equal protection rights.[2]

## Discussion

Relief pursuant to § 2241 may only be sought in the district court having jurisdiction over a petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004)(jurisdiction for habeas corpus petitions challenging present physical confinement lies in only one district; the district of confinement); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973).

USP-Florence is located within the confines of the United

---

[2] Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

States District Court for the District of Colorado. See 28 U.S.C. § 85.

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interest of justice, to any district where the action might have been brought. 28 U.S.C. § 1404(a). Consequently, this matter will be transferred to the United States District Court for the District of Colorado pursuant to § 1404(a). An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: NOVEMBER 22nd, 2013